MELINDA LUTTRELL,              )
                                      )
          Plaintiff,          )
                                        )
       v.                     )    CASE NO. 1:11-cv-0877-JMS-DML
                                        )
ACCOUNTS RECOVERY BUREAU, INC.,  )
                                        )
          Defendant.

# Report and Recommendation on
## Plaintiff's Motion for Assessment of Attorney's Fees and Costs

The Honorable Jane Magnus-Stinson designated this magistrate judge, as provided by Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the plaintiff's Motion for Assessment of Attorney's Fees and Costs (Dkt. 22).

## Procedural History

Plaintiff Melinda Luttrell's suit against defendant Accounts Recovery Bureau, Inc. ("ARB") alleges that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* in attempting to collect a consumer debt from her. A plaintiff who is successful on her FDCPA claim is entitled to an award of costs and a reasonable attorney's fee. 15 U.S.C. § 1692k(a)(3).

On October 6, 2011, ARB made an offer of judgment to Ms. Luttrell under Fed. R. Civ. P. 68(a). (Dkt. 15, 17, 23-1) The offer was $1,000, plus costs, including the filing fee, plus a reasonable attorney's fee in an amount to be determined by the court. (Dkt. 23-1) The offer provides that Ms. Luttrell will "hold the offer and not file judgment" until the court determines the amount of a reasonable attorney's fee, and ARB has 14 days from that date to make payment "at which time the case will be dismissed with prejudice." (Dkt. 23-1) Ms. Luttrell accepted the

offer of judgment and her motion asking the court to determine attorney's fees and costs is before the court for decision.

## **Determination of a Reasonable Fee**

A reasonable attorney's fee is generally determined by multiplying (a) a reasonable hourly rate by (b) the number of hours reasonably expended on the litigation. *E.g., Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Gastineau v. Wright,* 592 F.3d 747, 748 (7th Cir. 2010) (review of fee award under FDCPA).

Ms. Luttrell asks for an assessment of $2,355 in fees plus costs of $380 for a total award of $2,735. (Dkt. 22-3) Ms. Luttrell's motion is supported by an affidavit of her counsel that itemizes the services rendered and amount of time (15.90 hours) that he and a paralegal in his office expended in providing legal services for this case. The affidavit also states that the hourly rates of $250 for the attorney and $100 for the paralegal are rates the attorney regularly uses in his practice for FDCPA cases and that Ms. Luttrell agreed the rate was appropriate if her attorney filed a lien on any recovery. (*See* Dkt. 22-1)

ARB contends the total award should not exceed $1,500. Because ARB does not challenge the $380 costs identified by Ms. Luttrell, the court assumes ARB contends the appropriate fee award is $1,130. ARB argues that the $2,355 Ms. Luttrell requests is excessive because (a) the hourly rate for her attorney should be $150 and not $250; (b) it is unreasonable to include time spent preparing discovery that was never served; (c) it is unreasonable to include time spent by the paralegal performing services clerical in nature; (d) the time spent preparing

the complaint and related papers for filing the lawsuit is excessive because the lawyer used form documents; and (e) the time spent preparing the billing statement is excessive.[1]

## A. Hourly Rate

The court addresses first ARB's challenge to the attorney's $250 hourly rate.[2] A reasonable hourly rate for an attorney is that rate the attorney actually charges and receives in the marketplace from paying clients. *Mathur v. Board of Trustees,* 317 F.3d 738, 743 (7th Cir. 2003). Ms. Luttrell's counsel provided the court with an article from the *Indianapolis Business Journal* reporting on the ranges of attorney hourly rates in the Indianapolis market. The article is too general to provide guidance on whether a $250 hourly rate is an appropriate rate for a lawyer with counsel's experience and who prosecutes FDCPA cases. Counsel also provided, however, proof that Ms. Luttrell agreed that in the event she terminated counsel's services, a rate of $250 per hour was appropriate for calculating the amount of any attorney's lien. Although such an agreement is not the same as proof that counsel actually has been paid (or ever asserted a lien to be paid) $250 per hour by clients for FDCPA litigation work, the agreement by Ms. Luttrell is some evidence that $250 is an appropriate market rate.

ARB, on the other hand, contends that $150 per hour is appropriate because counsel only recently has become actively involved in prosecuting FDCPA cases; until May or June of 2011, FDCPA cases were handled by other attorneys in counsel's firm. ARB points to *Gastineau v. Wright,* 592 F.3d 747 (7th Cir. 2010), in which the court found that the district court did not

---

[1]    Even if the court accepted all of ARB's challenges to specific time entries and to the $250 hourly rate, the resulting lodestar would not equal $1,130. ARB's request that the court award no more than $1,500 implicitly requests the court to trim the lodestar because this case involved simple legal issues and a quick resolution. Those factors are usually reflected in the time spent and the court finds no reason to deviate from a lodestar calculation in this case.

[2]    ARB does not challenge the paralegal's $100 hourly rate.

abuse its discretion by lowering an attorney's hourly rate from $250 to $150 in an FDCPA case

for a lawyer prosecuting his first FDCPA case and whose inexperience was reflected in his

inferior performance. Although Ms. Luttrell's counsel may be fairly new to FDCPA work, he is

not new to litigation, and ARB does not suggest that counsel's work in this case was inferior.

The court is not persuaded that counsel's time should be compensated at a $150 hourly rate,

which, in the court's view, is a low rate for counsel with 15 years of experience.

Based primarily on the retainer agreement with Ms. Luttrell that specifies the rate and

because of the extremely minimal attorney time involved (5.1 hours of attorney time and 10.8

hours of paralegal time), the court finds that the $250 rate is appropriate in this case for

calculating a reasonable fee for counsel's time. *See Lemieux v. Guy,* 2006 WL 3626555, at *2

(S.D. Ind. Nov. 20, 2006) (noting expectation of high efficiency where hourly rate is high).

### B. Hours Reasonably Expended

The court now turns to ARB's challenges to particular time entries. Ms. Luttrell did not

file a reply brief to defend against ARB's challenges.[3] A lawyer seeking to recover his fees is

expected to use billing judgment; that is, he should not seek compensation for hours that he

would not reasonably have billed to a paying client. *Hensley,* 461 U.S. at 434 ("Hours that are

not properly billed to one's *client* are not properly billed to one's *adversary* pursuant to statutory

authority.") ARB contends—and Ms. Luttrell did not disagree—that some facets of delivering

legal services to clients are routine office tasks that clients expect are absorbed within counsel's

hourly rate and not charged separately. *Spegon,* 175 F.3d at 553 ("court should disallow time

spent on what are essentially 'clerical' or secretarial tasks"). *See also Ace Mortgage Funding,*

---

[3]     And that, of course, has the effect of limiting the hours spent by Ms. Luttrell for which
she could have sought recompense from ARB. *See, e.g.*, *Spegon v. Catholic Bishop of Chicago,*
175 F.3d 544, 554 (7th Cir. 1999) (reasonable fee includes reasonable time litigating fee request).

*LLC v. Bradford,* 2008 WL 2484600 at *1 (S.D. Ind. June 18, 2008) (routine office overhead normally absorbed within the attorney's hourly rate).[4]

With no showing by Ms. Luttrell's counsel that he normally bills, and his clients pay, separately for in-person and electronic court filings and delivering mail to the post office, the court finds that the fee award should not include compensation for these tasks—a total of 3.8 hours at $100 per hour.[5] The court also agrees with ARB's contention that the 1.6 hours spent by the paralegal preparing the complaint and "researching" ARB were excessive given that this was the third FDCPA case in 2011 that counsel filed against ARB and counsel used form documents as templates for the complaint and related filings. The court deducts one-half (or .8) of this time. The court deducts as excessive one-half of the paralegal's time (or .6 hours) for preparing the fee statement (a task that should not have taken much more than 30 minutes of paralegal time given the brevity of the statement) but does not deduct from the attorney's time on this task because of his responsibility carefully to review the billing as discussed in *Hensley.* The court will not deduct for the time spent preparing and reviewing discovery. It was not inappropriate to draft

---

[4]    The court does not suggest that time spent on "clerical" or "routine" tasks is never compensable. Determining a reasonable fee typically involves a market-based framework, with the reasonableness of the rate gauged by what the client market bears for the lawyer's delivery of legal services, and the reasonableness of the time charged also gauged by the market's willingness to pay (reflected in the lawyer's "billing judgment"). The court does not foreclose the possibility that a litigant could make a convincing case that if the client market now pays on a lodestar basis for tasks historically viewed as clerical or otherwise a part of overhead, then a fee award should take that into account. *E.g., Missouri v. Jenkins by Agyei,* 491 U.S. 274, 286 (1989) (if attorney's fee award under civil rights statute "is to yield the same level of compensation that would be available from the market," then an "increasingly widespread custom" in the market "must be taken into account"). The plaintiff did not respond to ARB's challenges (a decision with which the court finds no fault in light of the modest amount at issue), so the court has no basis for including these tasks in calculating the fee award.

[5]    *See* entries dated 6/29 (.9 for filing complaint), 7/2 (.9 for retrieving filings from court), 7/7 (.4 and .8 for preparing documents to send to ARB and delivery to post office), and entries for making filings at .2 on 7/19, 9/9, 10/12, and 10/13.

discovery; the billing entries reflect that the discovery ultimately was not served because ARB then served its Rule 68 offer of judgment.

To recap, the magistrate judge finds that 5.2 hours at $100 should be disallowed. A fee award comprised of 5.1 attorney hours at $250 per hour, 5.6 paralegal hours at $100 per hour, and $380 in out-of-pocket costs is appropriate, resulting in an award of $2,215.

### Conclusion

The magistrate judge recommends that the court award reasonable attorney's fees and costs of $2,215 and order that ARB must pay the amount of its offer of judgment of $1,000 plus $2,215 for costs and attorney's fees within 14 days of the court's order, following which the parties must file a stipulation of dismissal with prejudice.

The Clerk is directed promptly to mail a copy of this report and recommendation to each party in accordance with Fed. R. Civ. P. 72(a).

Any objections to this report and recommendation must be filed with this court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

So ORDERED.

Date: ___01/26/2012___

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com